**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 16-126-DLB**

**RON WALKER**                                                                                      **PLAINTIFF**

**VS.**                                    **MEMORANDUM OPINION AND ORDER**

**HON. RUPERT WILHOIT, et al.,**                                                    **DEFENDANTS**

**\*\*\*  \*\*\*  \*\*\*  \*\*\***

Ron Walker is a prisoner confined at the Eastern Kentucky Correctional Facility in West Liberty, Kentucky.  On October 13, 2016, Walker filed a *pro se* civil complaint (Doc. # 1) and a motion to proceed *in forma pauperis* (Doc. # 3).  The Court granted his fee motion by prior Order.  (Doc. # 8).

The Court must conduct a preliminary review of Walker's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  When testing the sufficiency of Walker's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

As the Court noted in its prior Order, Walker's original complaint and the accompanying exhibits (Doc. # 1) vaguely suggested his dissatisfaction with his efforts to

1

register his music with the Licensing Division of the United States Copyright Office, which is a part of the Library of Congress.  He also mentioned two prior cases in the Morgan Circuit Court, one a civil case involving the Copyright Office, the other related to the criminal prosecution against him for murder.  (Doc. # 1 at 2-4).  Walker named as defendants the Copyright Office, Morgan County Circuit Court Judge Rupert Wilhoit, and Janet Jackson, but did not allege that any of them did anything wrong, and he did not request any form of relief.  *Id.* at 5.  The documents Walker attached to his complaint relate to his efforts to obtain relief from his conviction (Doc. # 1-1), a matter wholly unrelated to his statements in the body of his complaint.

On October 21, 2016, the Court ordered Walker to file an amended complaint which adequately explained the factual and legal basis for his claims in order to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8, and to identify the relief he sought.  (Doc. # 8).  The Court received two complaints from Walker shortly thereafter.  The first (Doc. # 9) was received by the Court on October 24, 2016, but was postmarked on October 19, 2016 – two days before entry of the Court's Order requiring an amended complaint, see (Doc. # 9-11) – and which was substantially identical in all respects to Walker's original complaint.  This complaint therefore appears to be a second mailing of the original complaint, rather than an amended complaint intended by Walker to serve as a response to the Court's Order.

The Court received another complaint from Walker on October 27, 2016.  (Doc. # 10).  This complaint omitted entirely any reference to the previously-named defendants in favor of five entirely new ones – Judges Dixon, Lambert, and Nickell of the Kentucky Court of Appeals, Judge Phillips of the Morgan Circuit Court, and Kathy Litteral, Warden

of EKCC.  *Id.* at 1-2.  Also noticeably absent are Walker's previously-asserted allegations or claims regarding copyright matters; instead, Walker apparently complains about various aspects of his 2009 criminal prosecution and trial.  (Doc. # 10 at 2-4).  For relief, Walker asks the Court to vacate the judgment against him, and to strike "the appellee brief." (Doc. # 10 at 8).   Walker has attached to his complaint copies of recent correspondence and documents filed with the Kentucky Court of Appeals that relate to three separate appeals pending before that court.  (Doc. # 10-1).

The Court has thoroughly reviewed the documents filed by Walker in this proceeding, and concludes that this matter must be dismissed with prejudice.  As a preliminary matter, it must be understood that the Court's review of Walker's complaint is limited to the allegations set forth in his amended, not original, complaint.  When an amended complaint is filed, "the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Housing Assoc., LLC v. Huntington Nat'l Bank*, 712 F. 3d 165, 171 (3d Cir. 2013) (internal quotation marks and citations omitted).  A party may not use an amended complaint to supplement, rather than supersede, its original pleading unless that intention is clearly expressed, such as by wholesale incorporation of the prior pleading by reference.  *Cf. Clark v. Johnson*, 413 F. App'x 804, 811-12 (6th Cir. 2011).  Walker manifested no such intention here, and the Court will therefore screen only Walker's amended complaint (Doc. # 10).[1]

---

[1]  Even if Walker had expressed his desire to add new claims instead of substituting entirely different ones, his original complaint remained subject to summary dismissal  on numerous grounds, including the failure to satisfy the pleading requirements of Rule 8; improper joinder of numerous unrelated claims in violation of Federal Rule of Civil Procedure 18; sovereign immunity for claims against the Copyright Office; absolute judicial immunity for claims against Judge Rupert Wilhoit; and failure to state a claim against Janet Jackson.

Walker's amended complaint sets forth numerous complaints regarding the criminal investigation that led to his conviction for murder, *see Walker v. Commonwealth*, 349 S. W. 3d 307, 309 (Ky. 2011), and for relief Walker seeks an order vacating that conviction.  (Doc. # 10 at 2-3, 8).  Such relief cannot be obtained through a civil rights action; the only appropriate means to seek federal review of and relief from a criminal conviction imposed by a state court is to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, subject to the requirements of 28 U.S.C. § 2254.  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) ("… a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. … [if] the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")  This civil rights action must therefore be dismissed.

If Walker wishes to pursue federal habeas relief from his conviction, a petition pursuant to 28 U.S.C. § 2254 is the proper means to do so.  He is cautioned, however, that federal law requires him to completely exhaust his remedies in the state courts before seeking federal relief.  28 U.S.C. § 2254(b)(1).  The documents Walker filed with his amended complaint strongly suggest that his appeal from the denial of relief under RCr 11.42, remains pending before the Kentucky Court of Appeals.  *See also Walker v. Litteral*, No. 16-CI-47 (Morgan. Cir. Ct. 2016).  Walker must await that court's review and, if necessary, the Kentucky Supreme Court's discretionary review of any denial of relief, before he may seek federal habeas review of his criminal convictions.

Accordingly, **IT IS ORDERED** that:

1.     Walker's Amended Complaint (Doc. # 10) is **DISMISSED WITH PREJUDICE**;

2.     The Court will enter an appropriate judgment; and

3.     This matter is **STRICKEN** from the active docket.

This 22nd day of November, 2016.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\ORDERS\ProSe\Walker 16-126-DLB Memorandum RBW.docx